UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ROSALIND MAIDEN, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERGE, INC. (d.b.a. MERGE HEALTHCARE), RICHARD A. LINDEN, and SCOTT T. VEECH,<br><br>Defendants. | CIVIL No. 2:06-00349-RTR<br><br>Chief Judge Rudolph T. Randa |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came for hearing on November 10, 2008 (the "Final Approval Hearing"), upon the application of Lead Plaintiff, Southwest Carpenters Pension Trust, and the Settlement Class (as defined below in ¶3), (ii) Defendant Merge Technologies, Inc. ("Merge"), and (iii) Defendants Richard A. Linden, Scott T. Veech and David Noshay (collectively, the "Individual Defendants") for approval, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, of the Settlement set forth in the Stipulation of Settlement, dated June 30, 2008, between Lead Plaintiff, on behalf of itself and each of the Settlement Class Members, and Defendants Merge Technologies, Inc., Richard A. Linden, Scott T. Veech and David Noshay (the "Stipulation"), which Stipulation is incorporated herein by reference. Due and adequate notice of the Stipulation, Final Approval Hearing and Proposed Final Judgment and Order of Dismissal having been given to the Settlement Class Members, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, and it having therefore been expressly directed that final judgment therein accordingly be made herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Settlement Class

consists of all purchasers of the publicly traded securities of Merge Technologies, Inc. between April 25, 2002, and July 3, 2006, inclusive, who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, members of the immediate family of each of the Defendants and any person, firm trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party, including the related non-parties described above. Also excluded from the Class are any persons who excluded themselves by timely and properly filing a valid request for exclusion in accordance with the requirements set forth in the Notice. Such persons shall not be bound by this Judgment. A list of the names of those persons who excluded themselves from the Class, and thus are not bound by this Judgment, is attached as Exhibit 1 hereto.

4. The Court finds that all elements for maintenance of this Action as a class action have been met and confirms certification of the Settlement Class solely for purposes of effectuating this settlement and without prejudice to any Non-Settling Defendant's right to oppose certification of any class for any other purpose in this action. Specifically, the Settlement Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiff are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Lead Plaintiff is an adequate representative of the Settlement Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Litigation is a superior method of proceeding in the matter, satisfying Rule 23(b)(3)(ii).

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of

the terms of the proposed Settlement met the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 21D(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77a-1(a)(3)(B)(ii), the Rules of the Court and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons who are Settlement Class Members, advising them of the Settlement, their right to exclude themselves from the Settlement Class, the Final Approval Hearing, the Plan of Allocation, and Lead Counsel's right to apply for attorneys' fees and reimbursement of expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons who are Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or delivered on or before the date set forth in the Notice of Proposed Settlement and the Notice Order are bound by this Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members, including Lead Plaintiff. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. Except as to any individual claim of those persons who have filed timely and valid requests for exclusion and who are identified in Exhibit 1 attached hereto, the Action is dismissed on the merits without costs and with prejudice as to Defendants, but not as against Non-Settling Defendant KPMG LLP.

9. Lead Plaintiff and all Settlement Class Members release all of the Released Claims described in paragraph 20 below, against Merge and the Defendants' Released Persons. Lead Plaintiff and all other Settlement Class Members are permanently barred and enjoined from the institution and prosecution of any action against the Defendants' Released Persons in any court asserting any Released Claim. Nothing in this paragraph is intended to release or affect in any way any claims asserted or that could be asserted by Lead Plaintiff or the Settlement Class against KPMG.

10. Upon the Effective Date, as defined in the Stipulation, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, settled and discharged any and all Released Claims (including Unknown Claims) against Defendants' Released Persons and any and all claims or potential claims that could be asserted in connection with the resolution of the Action or Released Claims, whether or not Lead Plaintiff and Settlement Class Members execute and deliver Proof of Claim and Release forms. Plaintiffs' Released Persons are permanently barred and enjoined from the institution or prosecution of any action against Defendants' Released Persons, or any one or more of them, in any court or other forum, asserting any Released Claim.

11. Defendants' Released Persons release all of the Released Claims, described in paragraph 20 below, against Lead Plaintiff's Released Persons. Defendants' Released Persons are permanently barred and enjoined from the institution or prosecution of any action against Lead

- 4 -

Plaintiff's Released Persons, or any one or more of them, in any court or other forum, asserting any Released Claim.

12. Upon the Effective Date, each of Defendants' Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Claims as against Lead Plaintiff's Released Persons, and Lead Counsel and their agents.

13. All persons, including any Non-Settling Defendant, are permanently barred and enjoined to the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7), from instituting or prosecuting in any court, whether state or federal, or other tribunal, all claims for contribution, known or unknown, asserted on any theory, however denominated, whether under state or federal law, which relate in any way to any of the acts, events or occurrences alleged in the Action.

14. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Persons of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action, or otherwise against the Released Persons, or of any purported liability, fault, wrongdoing or otherwise of the Released Persons; or

b. Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Persons or otherwise referred to for any other reason, other than for the

purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

      c. Construed as a concession or an admission that the Lead Plaintiff or the Settlement Class Members have suffered any damage; or

      d. Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class Members, or any of them, that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

15. Notwithstanding the provisions of paragraph 13, the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the Settlement or in any subsequent action against or by Merge or the Defendants' Released Persons to support a defense of *res judicata,* collateral estoppel, release, good faith settlement, judgment, bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) hearing and determining Lead Plaintiff's application for approval of the proposed Plan of Allocation; (b) implementation and enforcement of this Settlement, the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and the award of reasonable costs and expenses (including lost wages) directly related to the representation of the Settlement Class to Lead Plaintiff serving on behalf of the Settlement Class; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, of the order approving the Plan of Allocation has expired.

19. "Released Persons" means and includes the "Defendants' Released Persons" and the "Lead Plaintiff's Released Persons" as follows:

    a. "Defendants' Released Persons" shall mean and include Merge, the Individual Defendants, the Insurers, Merge's current and former agents, employees, officers, directors, members, representatives, heirs, attorneys, advisors, subsidiaries, parents, affiliates, predecessors, successors and assigns.

    b. "Lead Plaintiff's Released Persons" shall mean and include the Lead Plaintiff, and all other Settlement Class Members.

    c. The term Released Persons does not include KPMG.

20. "Released Claims" means collectively any and all claims (including Unknown Claims, as defined in ¶1.39 of the Stipulation and in subparagraph (c) below) and includes:

    a. any and all claims, causes of action, actions, suits, matters, and issues or liabilities of every nature and description whatsoever (including, but not limited to, any claims of negligence, gross negligence, omissions, breaches of duty of care and/or breaches of any other duty,

- 7 -

Case 2:06-cv-00493-RTR   Filed 11/10/08   Page 8 of 11   Document 20

fraud, or violations of any state or federal statutes, regulations, or rules, and any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known or unknown, whether fixed, contingent, accrued, unaccrued, liquidated, unliquidated, or absolute, whether suspected or unsuspected, whether disclosed or undisclosed, whether matured or unmatured, whether or not concealed or hidden, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, at law or in equity, whether class or individual in nature, that (i) have been asserted in the Action against any of the Released Persons; or (ii) that could have been asserted in this or any other forum by or on behalf of the Lead Plaintiff or Settlement Class Members based on, arising out of, in connection with, or related in any way to any Lead Plaintiff's Released Person's holding, voting, sale, transfer, purchase or other acquisition of Merge's publicly-traded securities during the Settlement Class Period.

        b.     all claims, whether known or Unknown Claims, asserted or unasserted by or on behalf of Merge or the Individual Defendants against Lead Plaintiff and any Settlement Class Member or their attorneys, which have been or could have been asserted, whether under state, federal, common or administrative law, relating to the subject matter of the Action, including the institution, prosecution or settlement of the Action.

        c.     "Unknown Claims" means collectively all claims, demands, rights, liabilities, and causes of action of every nature and description that Merge, Lead Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Merge and Lead Plaintiff shall expressly waive, and each of the Settlement

- 8 -

Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Merge and Lead Plaintiff shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Merge and Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Merge and Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Merge and Lead Plaintiff acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

21. In the event this Judgment does not become final (including, by way of example and not limitation, being vacated, modified or reversed on appeal), it shall be rendered null and void and shall be vacated and, in such event, (i) all orders entered and releases delivered in connection therewith shall be null and void, (ii) the Settlement Class shall be automatically decertified without prejudice to Lead Plaintiff's right to seek, or defendants' right to oppose, class certification in the future, and (iii) except as provided in paragraph 35 of the Stipulation, including any provisions of the Stipulation referred to therein, the Settlement Fund plus accrued interest, less any notice costs, administration costs, taxes or tax expenses paid or owing shall be returned in full as provided in paragraph 35 of the Stipulation.

22. This action against Merge and the Individual Defendants is hereby dismissed on the merits with prejudice.

23. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: November 10, 2008        *s/ Rudolph T. Randa*
                                HONORABLE RUDOLPH T. RANDA
                                UNITED STATES DISTRICT COURT JUDGE


Judgment entered this 10th day of November, 2008.

JON W. SANFILIPPO
Clerk of Court

By: *s/ Linda M. Zik*
    Deputy Clerk